IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **01-cv-02175-JLK-PAC**

**KWAL HOWELLS, INC.,**

    Plaintiff,

v.

**ABC DISPENSING TECHNOLOGIES, INC.,**

    Defendant.

## ORDER ON REQUEST FOR COSTS INCLUDING EXPERT FEES

KANE, J.

This matter is before me on Plaintiff's Motion in Support of Application for Bill of Costs and Expert Fees, filed April 1, 2005. On May 26, 2005, the Deputy Clerk of the Court entered a Bill of Costs taxing a total of $3,333.64 in costs in favor of Plaintiff, and indicating that additional amounts for expert witness fees and costs accruing after a Fed. R. Civ. P. 68 offer of settlement were the subject of a Motion before me. After considering the Motion, Plaintiff's request for the additional amounts is DENIED.

In a diversity case, federal law controls with respect to the assessment of costs. *Chaparral Resources, Inc. v. Monsanto Co.*, 849 F.2d 1286, 1291-92 (10th Cir. 1988); *see also Garcia v. Wal-Mart Stores, Inc.*, 209 F.3d 1170, 1177 (10th Cir. 2000)). Where a plaintiff's state law claims are tried in federal court, the parties are bound by federal rules and procedure, specifically including Fed. R. Civ. P. Rule 68 regarding offers of

settlement, and Rule 54(d) on costs. Federal courts, in turn, are bound by the limitations set out in 28 U.S.C. § 1920 and § 1821 in their ability to shift the costs of a prevailing party's expert witness fees. Accordingly, Plaintiff's request for expert witness fees under Colo. Rev. Stat. § 13-17-202 is misplaced, and because § 1821 precludes the recovery of the fees sought in federal proceedings, Plaintiff's Motion in Support of its Application for Bill of Costs and Expert Fees is DENIED.

Dated:  August 26, 2005                    BY THE COURT:

**s/John L. Kane**
SENIOR JUDGE
UNITED STATES DISTRICT COURT